UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KATRINA FENNER, as next friend and Mother of Joshua Stark, a Minor | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )   NO.: ) |
| FREEBURG COMMUNITY HIGH SCHOOL DISTRICT NUMBER 77, SUPERINTENDENT ANDREW LEHMAN, in his official and individual capacity, and NATALIE RUSHING, in her official and individual capacity, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

COMES NOW, plaintiff, by and through her attorneys Jarrod P. Beasley and Matthew P. Young of Kuehn, Beasley & Young, P.C., and for his complaint against defendants, states as follows:

## FACTS APPLICABLE TO ALL COUNTS

1. Plaintiff Katrina Fenner is the mother of a freshman student at Freeburg Community High School District Number 77, and was at all times relevant to this Complaint, a resident of St. Clair County, Illinois.

2. Defendant Freeburg Community High School District Number 77 (Freeburg) is a body with its center of operations in the Village of Freeburg, St. Clair County, Illinois.

3.  The Freeburg Community High School benefits substantially from the receipt of federal financial assistance and institutes the program or activity that has long qualified for such federal financial assistance.

4.  Freeburg was in charge of providing public education to students, such as Stark, through (a) oversight and supervision of all school functions, school property and school student programs and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers, as well as a review and supervision of curricula developed by the district, schools and teachers.

5.  Freeburg was also in charge of and responsible for all policies and procedures within the school through its Board of Education. This charge and responsibility included supervision and discipline of students, teachers and administrators including but not limited to SUPERINTENDENT LEHMAN AND COACH RUSHING.

6.  Defendant NATALIE RUSHING ("Rushing") is an individual who has resided and continues to reside and St. Clair County, Illinois and who also served as an assistant soccer coach at Freeburg. Rushing is named in her official and individual capacities.

7. Defendant SUPERINTENDENT ANDREW LEHMAN ("LEHMAN"), an individual who resided in and continues reside in St. Clair County, Illinois, served as Superintendent for Freeburg.  LEHMAN is named in his official and individual capacities.

8. In 2014, Plaintiff's Minor attended Freeburg.

9. On or about September 5, 2014, Plaintiff's Minor was on a school bus returning from a soccer game in Staunton.

10. That on the bus ride home, several members of the Varsity Soccer team grabbed several freshmen, including Plaintiff's Minor, and dragged them to the rear of the bus.  That at that time, in full view of the bus driver and Assistant Coach Rushing, these students beat Plaintiff's minor as part of a hazing ritual.

11. That following notification of the abuse, Freeburg, through its agents, failed to properly investigate or remediate the abuse.

12. That Plaintiff's Minor notified Freeburg of continuing harassment via social media and Freeburg failed to act.

13. That Freeburg's inaction constructively expelled Plaintiff's Minor from school due to the failure to provide a safe learning atmosphere.

14. That, as a result, Plaintiff's Minor has been diagnosed with Post Traumatic Stress Disorder.

15. Based on prior complaints, Freeburg by and through its school board members, administrators, teachers, agents and/or employees, were aware of various information, reports, allegations and complaints concerning hazing and bullying of other members of the boys teams, prior to this incident.

16. At all times relevant, the Illinois Abused and Neglected Child Reporting Act mandates that certain individuals, in their official capacities, report complaints of child abuse to the Department of Children and Family Services ("DCFS"):

> Any physician, resident, intern, hospital, hospital administrator and personnel engaged in examination, care and treatment of persons, surgeon, dentist, dentist hygienist, osteopath, chiropractor, podiatrist, physician assistant, substance abuse treatment personnel, funeral home director or employee, corner, medical examiner, emergency medical technician, acupuncturist, crisis line a hotline personnel, school personnel (**including administrators in both certified and noncertified school employees**), educational advocate assigned to a child pursuant to the School Code, **member of the school board** or the Chicago Board of Education or the governing body of a private school (but only to the extent required in accordance with other provisions of this Section expressly concerning the duty of school board members to report suspected child abuse)... Having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child or neglected child **shall immediately report** or cause a report to be made to the Department.
> IL ST CH 325 Section 5/4 (emphasis added)

17. That all times relevant, the Illinois Abused and Neglected Child Reporting Act prescribes the time, mode and occasion for those required to report to

perform the duties required by and through the Act, specifically mandating the time and manner of making reports (325 ILCS 5/7), the form and content of reports (735 ILCS 5/7.9), and sets forth the occasion on which a report shall be made (735 ILCS 5/4).

18. That the Illinois Abused and Neglected Child Reporting Act sets forth its purpose to prevent harm to children in schools:

> The Illinois Department of Children and Family Services shall, upon receiving reports made under this Act, protect the health, safety, and best interests of the child in all situations in which the child is vulnerable to child abuse or neglect, offer protective services in order to *prevent any further harm to the child and to other children in the same environment* or family, stabilize the home environment, and preserve family life whenever possible. Recognizing that children also can be abused and neglected while living in public or private residential agencies or institutions meant to serve them, while attending day care centers, schools, or religious activities, or when in contact with adults who are responsible for the welfare of the child at that time, this Act also provides for the reporting and investigation of child abuse and neglect in such instances.  IL ST CH 325 Section 5/2 (emphasis added).

19. On information and belief, the Freeburg, by and through its school board members, administrators, teachers, employees and agents, had explicit knowledge and understanding of the terms of the Illinois Abused and Neglected Child Reporting Act.

20. Following the receipt of various information, reports, allegations and complaints prior to the abuse of Plaintiff's Minor, Freeburg, by and through its school board members, administrators, teachers, employees and agents:

    a. Did not, pursuant to the Illinois Abused and Neglected Child Reporting Act, report the attack of the students that constituted student on student abuse;

    b. Failed to comply with the ministerial duties set forth in the Freeburg policies and procedures and Illinois law;

    c. Concealed student on student abuse of students prior to the abuse of the Plaintiff's Minor;

    d. Were deliberately indifferent to the safety, security and well-being of all of the students on the school bus returning from a school sanctioned event, including but not limited to Plaintiff's Minor;

    e. Prevented students, including Plaintiff's Minor, from participating in extra-curricular activities and educational opportunities without a condition of such participation being abuse by fellow students;

    f. Promoted school policies that fostered a climate to flourish whereby students, including Plaintiff's Minor, were victims of abuse by other students; and

  g. Were deliberately indifferent to the safety, security and well-being of

   all of the male students on the Junior Varsity Soccer team at Freeburg.

21. That as a result of Defendant's actions and inactions, it protected an

  environment to flourish that allowed for this incident to occur and in which,

  it was foreseeable that Plaintiff would be injured.

## COUNT I – TITLE IX DISCRIMINATION (20 U.S.C. SECTION 1681, et., seq.,)
### Plaintiff v. Freeburg Community High School District Number 77

22. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-20 as if

  fully set forth herein.

23. That Title IX provides that "No person... shall, on the basis of sex, be

  excluded from participation in, be denied the benefits of, or be subjected to

  discrimination under any education program or activity receiving Federal

  financial assistance...."

24. At no time did these students abuse or participate in any act of abuse

  involving any female student at Freeburg High School.

25. At all relevant times, Freeburg High School was an educational institution

  that provided public school education and received federal financial

  assistance.

26. At all relevant times, Freeburg High School has possessed actual notice that it

  could be liable under Title IX for student on student harassment and abuse.

27. Based on prior reports of abuse and hazing, Freeburg, by and through its School Board members, administrators, employees and agents, possessed actual knowledge of abuse and hazing of male students.

28. Based on prior reports of abuse, Freeburg possessed actual knowledge that its students had a high potential to abuse and haze other male students.

29. That Freeburg possessed decision-making authority concerning the procedures and conduct of investigations into and actions taken upon reports of abuse and hazing.

30. At all relevant times, plaintiff's minor was subject to discrimination in his education at Freeburg based on his gender in that he suffered student on student harassment, abuse and hazing as a condition of his receipt of an education at Freeburg.

31. That Freeburg by and through its School Board members, administrators, employees and agents, had actual notice of prior abuse and hazing of male students and failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety in one or more of the following ways:

    a. Failing to report student on student harassment, abuse and hazing to appropriate authorities;

b.  Failed to cure or even attempt to cure obvious and known risks to male students at Freeburg;

c.  Failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct that occurred between any students; and

d.  Attempted to conceal the abuse by conducting a negligent investigation and refusing to cooperate with Plaintiff's treating doctors.

32. That the deliberate indifference and actions in deliberate indifference to the actual knowledge possessed by Freeburg of student on student harassment, abuse and hazing caused Plaintiff's Minor to suffer unwarranted, unwelcome and uninvited abuse.

33. Freeburg was deliberately indifferent to the safety of male students at Freeburg High School, including but not limited to Plaintiff's Minor.

34. Title IX 20 USC Section 1681, et., seq., required Freeburg to provide educational opportunity on an equal basis to all students, regardless of their gender.

35. Freeburg failed to comply with Title IX in that the Freeburg failed to ensure that the education provided to male students would be on an equal basis compared to the education provided by Freeburg to female students.

36. The policy or practice of receiving multiple complaints of harassment and abuse concerning treatment of Plaintiff's Minor with male students and team hazing, without any investigation into this abuse, lead to a deprivation of Plaintiff's Minor's right to equal public education without discrimination on the basis of sex, and sex indeed became a condition of receiving an education.

37. 20 USC Section 1981 affords Plaintiff's Minor a civil cause of action for damages and for appropriate injunctive relief against Freeburg. 42 USC Section 1988 identifies damages, court costs, litigation expenses and attorneys fees as within the remedies available in an action brought pursuant to 20 USC Section 1981.

38. That as a direct and/or proximate result of the conduct of Freeburg as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, fear and anxiety, depression, and post traumatic stress as a result thereof he has and will continue to experience:

    a.   Physical and mental pain and suffering;

    b.   Emotional distress;

c. Loss of the normal life;

d. Medical and counseling expenses; and

e. Constructive expulsion.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor and against Freeburg for compensatory damages, for court costs, for the expenses of this litigation and for his attorneys fees as well as any other relief deemed necessary and just by this court.

## COUNT II - SUBSTANTIVE DUE PROCESS VIOLATIONS (SECTION 1983)
### Plaintiff v. Andrew Lehman

39. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-37 as if fully set forth herein.

40. Based on prior reports of abuse, and continuing through this incident, Lehman knew or reasonably should have known that student on student hazing had been going on at Freeburg and specifically, on its male sports teams.

41. That Lehman was uniquely aware of these issues within the school, making this misconduct reasonably foreseeable to Defendants.

42. That Lehman turned a blind eye to prior complaints of abuse and hazing, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of male students, including Plaintiff's Minor.

43. Plaintiff's Minor was deprived of his constitutional liberty interest under the Fourteenth Amendment by Lehman's creation and promotion of policies, customs, or practices that fostered a climate to flourish where male students, including Plaintiff's Minor, were left vulnerable to and actually were subjected to abuse and hazing by other students.

44. That through his action and/or inaction stemming from complaints and allegations of misconduct and hazing, Lehman's conduct was arbitrary and offensive, shocking the conscience and interfering with male students', including Plaintiff's Minor's, rights and liberties granted by the Constitution and protected by law.

45. 42 U.S.C Section 1983 affords Plaintiff a civil cause of action for damages and for appropriate injunctive relief against Lehman. 42 U.S.C. Section 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. Section 1983.

46. That as a direct and/or proximate result of the conduct of Lehman as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, fear and anxiety, depression, and post-traumatic stress, and as a result thereof he has and will continue to experience:

   a.   Physical and mental pain and suffering;

   b.   Emotional distress;

   c.   Loss of normal life;

   d.   Medical and counseling expenses; and

   e.   Constructive expulsion.

47. That the conduct of Lehman, as described above, constituted a violation of trust or confidence, showing complete indifference to or conscience disregard for the safety and well-being of Plaintiff's Minor and other male students.

48. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Lehman and to deter like conduct.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant Lehman for compensatory damages, exemplary damages, for court costs, for the expense of this litigation and for his attorney's fees as well as any other relief deemed necessary and just by this court.

## COUNT III – EQUAL PROTECTION VIOLATIONS (SECTION 1983)
### Plaintiff v. Lehman

49. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-47 as if fully set forth herein.

50. That Lehman turned a blind eye to complaints of abuse and hazing, ignored complaints, failed to respond to allegations of hazing on boys athletic teams,

and acted with deliberate indifference to the rights of male students, including Plaintiff's Minor, and with the intent to discriminate against male students, including Plaintiff's Minor, on the basis of sex.

51. Plaintiff's Minor was deprived of his constitutional liberty interest under the Fourteenth Amendment by Lehman's creation and promotion of policies, customs, or practices that fostered a climate to flourish where male students, including Plaintiff's Minor, were left vulnerable to and actually were subjected to abuse and hazing.

52. 42 U.S.C Section 1983 affords Plaintiff a civil cause of action for damages and for appropriate injunctive relief against Lehman. 42 U.S.C. Section 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. Section 1983.

53. That as a direct and/or proximate result of the conduct of Freeburg as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, fear and anxiety, depression, and post-traumatic stress, and as a result thereof he has and will continue to experience:

    a. Physical and mental pain and suffering;

    b. Emotional distress;

    c.  Loss of normal life;

    d.  Medical and counseling expenses; and

    e.  Constructive expulsion.

54. That the conduct of Lehman, as described above, constituted a violation of

    trust or confidence, showing complete indifference to or conscience disregard

    for the safety and well-being of Plaintiff's Minor and other male students.

55. Justice and the public good require an award of punitive or exemplary

    damages in such sum which will serve to punish Lehman and to deter like

    conduct.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter

judgment in his favor and against the Defendant Lehman for compensatory damages,

exemplary damages, for court costs, for the expense of this litigation and for his

attorney's fees as well as any other relief deemed necessary and just by this court.

## COUNT IV – DENIAL OF CONSTITUTIONAL LIBERTY INTERESTS (SECTION 1983)
### Plaintiff v. Freeburg Community High School District Number 77

56. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-54 as if

    fully set forth herein.

57. That Defendant established, through both action and inaction, a widespread

    policy, practice or custom allowing the abuse and hazing of male students to

continue to occur without corrective action. Such policy, practice or custom includes, but is not limited to:

    a.  Failing to report student on student harassment, abuse and hazing to appropriate authorities;

    b.  Failed to cure or even attempt to cure obvious and known risks to male students at Freeburg;

    c.  Failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify whether or not inappropriate conduct that occurred between any students; and

    d.  Attempted to conceal the abuse by conducting a negligent investigation and refusing to cooperate with Plaintiff's treating doctors.

58. The Defendant established such policy, practice or custom which fostered a climate which facilitated hazing of students on sports teams and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on male students within the school, particularly those on athletic teams.

59. That the Freeburg Board had final policymaking authority and exercised that granted authority in making decisions that perpetuated and/or allowed the

abuse and hazing of Plaintiff's Minor and caused the hazing to occur and/or continue.

60. That through its action and/or inaction stemming from complaints and allegations of misconduct and abuse, the Defendant's conduct was arbitrary and offensive, shocking the conscience and interfering with male students', including Plaintiff's Minor's rights and liberties granted by the Constitution and protected by law.

61. Plaintiff's Minor was deprived of his constitutional liberty interest under the Fourteenth Amendment by Defendant's creation and promotion of policies, customs, or practices that fostered a climate to flourish where male students, including Plaintiff's Minor, were left vulnerable to and actually were subjected to hazing and abuse by other students.

62. 42 U.S.C Section 1983 affords Plaintiff's Minor a civil cause of action for damages and for appropriate injunctive relief against Freeburg. 42 U.S.C. Section 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. Section 1983.

63. That as a direct and/or proximate result of the conduct of Freeburg as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep

disturbance, fear and anxiety, depression, and post-traumatic stress, and as a result thereof he has and will continue to experience:

    a. Physical and mental pain and suffering;

    b. Emotional distress;

    c. Loss of normal life;

    d. Medical and counseling expenses; and

    e. Constructive expulsion.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant for compensatory damages, for court costs, for the expenses of this litigation and for his attorney's fees as well as any other relief deemed necessary and just by this court.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiff v. Rushing

64. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-62 as if fully set forth herein.

65. On information and belief, Rushing committed the following extreme and outrageous acts against Plaintiff's Minor:

    a. Allowing an environment wherein students could abuse and haze other students;

    b. Failing to ensure that abuse and hazing did not occur on the bus she was riding on;

    c.  Failing to properly document complaints received from students in accordance with Freeburg policy mandates;

    d.  Withholding and/or concealing information from male students, including Plaintiff's Minor and their parents or guardians concerning prior complaints of abuse and hazing incidents;

    e.  Failing to observe, supervise or otherwise prevent abuse and hazing that occurred no more than 15 feet from her; and

    f.  Failing to report complaints of suspected child abuse under the Illinois Abused and Neglected Child Act.

66. These acts and this conduct were carried out with reckless disregard and indifference of the high probability of causing Plaintiff's Minor severe emotional distress.

67. The acts of Rushing did, in fact, result in severe emotional distress.

68. That is a direct and/or proximate result of the conduct of Rushing as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, fear and anxiety, depression, and post-traumatic stress, and as a result thereof he has and will continue to experience:

    a.  Physical and mental pain and suffering;

    b.  Emotional distress;

c.  Loss of normal life;

d.  Medical and counseling expenses; and

e.  Constructive expulsion.

69. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Rushing and to deter like conduct.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment in his favor and against Rushing for compensatory damages and costs as well as any other relief deemed necessary and just by this court.

## COUNT VI - SUBSTANTIVE DUE PROCESS VIOLATIONS (SECTION 1983)
### Plaintiff v. Rushing

70. Plaintiff hereby incorporates the allegations contained in Paragraphs 1-68 as if fully set forth herein.

71. At all times herein, Defendant Rushing was acting in her official capacity as the assistant coach of the boys soccer team and in the scope and course of her employment.

72. 42 U.S.C Section 1983 affords Plaintiff a civil cause of action for damages and for appropriate injunctive relief against Rushing. 42 U.S.C. Section 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C. Section 1983.

73. That is a direct and/or proximate result of the conduct of Rushing as described herein, Plaintiff's Minor has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, fear and anxiety, depression, and post-traumatic stress, and as a result thereof he has and will continue to experience:

   a.  Physical and mental pain and suffering;

   b.  Emotional distress;

   c.  Loss of normal life;

   d.  Medical and counseling expenses; and

   e.  Constructive expulsion.

74. That the conduct of Rushing, as described above, constituted a violation of trust or confidence, showing complete indifference to or conscience disregard for the safety and well-being of Plaintiff's Minor and other male students.

75. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Rushing and to deter like conduct.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant Rushing for compensatory damages, exemplary damages, for court costs, for the expense of this litigation and for his attorney's fees as well as any other relief deemed necessary and just by this court.

Respectfully Submitted,


/s Jarrod P. Beasley

Jarrod P. Beasley #6274536
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 Public Square, Suite 450
Belleville, IL 62220
Phone:  618.277.7260
Fax:  618.277.771