IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KATRINA FENNER**, as next
friend and mother of
Joshua Stark, a minor,

**Plaintiff,**

v.                                                     No. 15-0729-DRH

**FREEBURG COMMUNITY HIGH
SCHOOL DISTRICT NO. 77,
SUPERINTENDENT ANDREW LEHMAN,**
in his official and individual capacity, and
**NATALIE RUSHING,** in her official and
Individual capacity,

**Defendants.**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

#### Introduction and Background

Pending before the Court is defendants' motion to dismiss plaintiff's complaint (Doc. 12). Naturally, plaintiff opposed the motion (Doc. 20). Based on the following, the Court denies the motion.

On July 6, 2015, Katrina Fenner, as next friend and mother of Joshua Stark, a minor ("J.S."), filed a six count complaint against Freeburg Community High School District Number 77 ("Freeburg"), Superintendent Andrew Lehman, in his official and individual capacity, and Natalie Rushing, in her official and individual capacity (Doc. 1). Count I is against Freeburg for Title IX Discrimination pursuant

to 20 U.S.C. § 1681, et. seq.; Count II is against Lehman for substantive due process violations pursuant to 42 U.S.C. §1983; Count III is against Lehman for equal protection violations pursuant to 42 U.S.C. § 1983; Count IV is against Freeburg for denial of constitutional liberty interests pursuant to 42 U.S.C. § 1983; Count V is against Rushing for intentional infliction of emotional distress and Count VI is against Rushing for substantive due process violations pursuant to 42 U.S.C. § 1983. The complaint maintains in 2014 that J.S. attended Freeburg, that Lehman served as the Superintendent for Freeburg and that Rushing served as an assistant soccer coach at Freeburg. Specifically, the complaint alleges:

> "On or about September 5, 2014, Plaintiff's Minor was on a school bus returning from a soccer game in Stanton. That on the bus ride home, several members of the Varsity Soccer team grabbed several freshmen, including Plaintiff's Minor, and dragged them to the rear of the bus. That at that time, in full view of the bus driver and Assistant Coach Rushing, these students beat Plaintiff's Minor as part of a hazing ritual. That following notification of the abuse, Freeburg, through its agents, failed to properly investigate or remediate the abuse. That Plaintiff's Minor notified Freeburg of the continuing harassment via social media and Freeburg failed to act. That Freeburg's inaction constructively expelled Plaintiff's Minor from school due to the failure to provide a safe learning atmosphere. That, as a result, Plaintiff's minor has been diagnosed with Post Traumatic Stress Disorder. Based on prior complaints, Freeburg by and through its school board members, administrators, teachers, agents and/or employees, were aware of various information, reports, allegations and complaints concerning hazing and bulling of other members of the boys teams, prior to this incident."

(Doc. 1, ps. 3-4; ¶¶ 9-15).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007).

Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept [ ] as true all well-pleaded facts alleged, and draw [ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## Analysis
### Title IX Claim (Count I)

Title IX states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving

Federal financial assistance.

20 U.S.C. § 1681(a). Individuals may bring private suits for equitable relief and damages when a school violates Title IX. *Hayden v. Greensburg Community School Corp.*, 742 F.3d 569, 577 (7th Cir. 2014). In the typical Title IX discrimination case where students are harassing each other or where a teacher harasses a student, a plaintiff must allege: (1) discriminatory harassment of which the school has (2) actual knowledge and yet (3) treats with deliberate indifference, and (4) the harassment must be severe and objectively offensive enough that it deprives plaintiff of access to educational opportunities. *Doe v.* Galster, 768 F.3d 611, 614 (7th Cir. 2014). The harassment must be 'on the basis of sex,' meaning the harassment was either motivated by the plaintiff's gender or failure to conform to gender norms.

Defendants argue that plaintiff's Title IX claim cannot survive a motion to dismiss because the plaintiff has not pled facts to show that Freeburg treated him any differently than girls on the basis of gender. Defendants maintain that even if Freeburg's actions were somehow inappropriate, the actions cannot be said to be discriminatory based on his gender and therefore cannot be illegal under Title IX. Further, defendants argue that plaintiff has not alleged facts establishing Freeburg's actual knowledge of and deliberate indifference toward discrimination. Plaintiff counters that she has alleged sufficient facts to show gender discrimination in that her son was a member of a male-only team, that he was beaten on a school bus while his coach was less than 20 feet away and that the harassment continued

Case 3:15-cv-00729-DRH-RJD Document 31 Filed 02/17/16 Page 5 of 11 Page ID #125

after the reporting of the incident via social media. Further, plaintiff maintains that as a result of the incident and the actions/inactions of Freeburg thereafter, plaintiff's minor suffered Post Traumatic Stress Disorder ("PTSD") and was unable to return to school. The Court agrees with plaintiff. Based on the allegations contained in complaint (and cited above) and at the stage of the pleadings, the Court finds that plaintiff has stated sufficiently a plausible cause of action against Freeburg for Title IX discrimination based on J.S.'s gender. Plaintiff's complaint alleges that the harassing students did not "abuse or participate in any act of abuse involving any female student at Freeburg High School." (Doc. 1, p. 7; ¶ 24). Further, plaintiff's complaint alleges that Freeburg was aware of the complaints of hazing and bullying of other members of boys teams prior to the incident at bar; that by Freeburg's actions/inactions it protected an environment that allowed abuse and hazing on the male students and that Freeburg's deliberate indifference to the knowledge of student on student harassment, abuse and hazing cause plaintiff's minor to suffer unwarranted, unwelcome and uninvited abuse. Thus, plaintiff has adequately put Freeburg on notice of the conduct she alleges forms the basis of her claims. Thus, the Court denies that motion as to Count I of the complaint.

**42 U.S.C. § 1983 Claims (Counts II, III, IV and VI)**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) some individual deprived him/her of a federally protected right; and (2) the individual who deprived him/her of that right acted under color of state law. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007); *Stahl v. East Porter County*

Page **5** of **11**

*School Corp. et al.*, 799 F.3d 793, 798 (7th Cir. 2015).

### Substantive Due Process Violations (Counts II and VI)

Substantive due process is a limited doctrine that provides no blanket protections. *Lee v. City of* Chicago, 330 F.3d 456, 467 (7th Cir. 2003). To state a claim of substantive due process, a plaintiff must allege she was deprived of a cognizable "life, liberty, or property" interest. U.S. Const. amend. XIV, § 1. The Due Process Clause does not "impose an affirmative obligation on the [s]tate to ensure that those interests do not come to harm through other means." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989). The Due Process Clause limits the state's power to act, but does not act as a guarantee of certain minimal levels of safety and security." *Id.* "However, two exceptions have grown out of this general principle. The first obligates the state to protect individuals with whom it has 'special relationship,' such as a custodial relationship that cuts off alternative avenues of aid. The other is the 'state-created danger exception,' which applies when a state actor's conduct 'creates, or substantially contributes to the creation of, a danger or renders citizens more vulnerable to a danger that they otherwise would have been.'" *Stahl*, 799 F.3d at 798 (citations omitted). To prevail under a state-created danger theory, a plaintiff must show three things: (1) that the state by its affirmative acts, created or increased a danger to plaintiff; (2) that state's failure to protect plaintiff from danger was the proximate cause of the injury; and (3) the state's failure to protect plaintiff shocks the conscience. *Id.* (citing *King ex rel. King v. East St. Louis Sch. Dist. 189*, 496 F.3d

812, 818 (7th Cir. 2007)).

Defendants maintain that the substantive due process claims against Lehman and Rushing are inadequate. Specifically, defendants maintain that plaintiff's complaint makes no allegations that rise to the level of "shocking the conscience." Plaintiff contends that she has alleged sufficient allegations to provide defendants with notice of the claims against them. The Court agrees. Whether conduct "shocks the conscience," however, is a fact-bound inquiry that, in this case, is not appropriately decided at the motion-to-dismiss stage. See *King*, 496 at 818. Thus, the Court denies the motion to dismiss as to Counts II and VI at this time.

### Equal Protection Claim (Count III)

"The Equal Protection Clause grants to all Americans the "right to be free from invidious discrimination in statutory classifications and other governmental activity." *Stahl*, 799 F.3d at 799. To state a claim an equal protection claim, plaintiff must allege: (1) that Lehman acted with a discriminatory intent or deliberate indifference and (2) that plaintiff is a member of a protected class. *Hayden*, 742 F.3d at 577; *Doe*, 768 F.3d at 622. Whether a defendant has acted with discriminatory purpose is generally a question best left for a jury. *Locke v. Haessig*, 788 F.3d 662, 670-73 (7th Cir. 2015).

Defendants maintain plaintiff's discrimination claim in this count fails because plaintiff fails to adequately plead sex or gender discrimination. Plaintiff counters that "the girl athletes were treated differently, in fact better, because they

were not subjected to the hazing and beatings regularly doled out on the boys' teams. Plaintiff was subjected to these beatings because he was on a boys' team and because of his sex, it was impossible for a girl to receive the same treatment. In short, because of his gender, plaintiff was subjected to hazing and beatings by his teams." (Doc. 20, p. 3.). The Court agrees with plaintiff. Based on the allegations contained in complaint (and cited above) and at the stage of the pleadings, the Court finds that plaintiff has stated sufficiently a plausible cause of action against Lehman for Equal Protection violations based on J.S.'s gender.

### Denial of Constitutional Liberty Interests (Count IV)

As to Count IV, defendants argue that plaintiff fails to plead what "liberty interest" he has lost and how this liberty interest is distinct from the other claims in Counts I, III and VI. The Court disagrees. Like the other counts, the Court finds that plaintiff has pled sufficient facts to apprise defendants of the allegations against them. The Court denies the motion as to Count IV.

### Intentional Inflection of Emotional Distress (Count V)

Plaintiff must allege the following elements for an intentional infliction of emotional distress claim under Illinois law: (1) the conduct involved is "truly extreme and outrageous;" (2) the defendant "either *intend[ed]* that his conduct inflict severe emotional distress, or [knew] that there [was] at least a high probability that his conduct [would] cause severe emotional distress;" and (3) the conduct "in fact cause[d] *severe* emotional distress." *See Feltmeier v.*

*Feltmeier,* 207 Ill.2d 263, 269, 278, 278 Ill.Dec. 228, 798 N.E.2d 75 (2003) (emphasis in original) (quoting *McGrath v. Fahey,* 126 Ill.2d 78, 86, 127 Ill.Dec. 724, 533 N.E.2d 806 (1988)). To support an intentional infliction of emotional distress claim, the emotional distress a plaintiff allegedly has suffered must be severe. "Although fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Welsh v. Commonwealth Edison Co.,* 306 Ill.App.3d 148, 155, 239 Ill.Dec. 148, 713 N.E.2d 679 (1999) (quoting *Public Fin. Corp. v. Davis,* 66 Ill.2d 85, 4 Ill.Dec. 652, 360 N.E.2d 765 (1976)); *see also Honaker v. Smith,* 256 F.3d 477, 495 & n. 18 (7th Cir. 2001) (collecting cases).

> "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of a particular case." … In particular, the Illinois Supreme Court has noted three factors used to evaluate the alleged outrageousness of a defendant's conduct. First, the more power or control the defendant has over the plaintiff, the more likely the conduct will be deemed extreme….Second, and in conjunction with the first consideration, courts must consider whether the defendant reasonably believed its objective was legitimate Finally, courts must consider whether the defendant was aware the plaintiff was "peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity."

*Franciski v. University of Chicago Hospitals,* 338 F.3d 765, 769 (7th Cir. 2003) (citations and quoted cites omitted).

Defendants argue that plaintiff's allegations as to this count are insufficient

in that plaintiff failed to "assert that Rushing had the mental state required to make out a claim for Intentional Infliction of Emotional Distress" (Doc. 13, p. 16). Plaintiff counters that she has alleged each and every element and that the allegations are sufficient to put defendants on notice. The Court agrees with plaintiff. At this stage of the pleadings, the Court finds that plaintiff has stated a plausible cause of action of intentional infliction of emotional distress against Rushing.

Lastly, defendants argue they are entitled to qualified immunity on Counts II, III and VI because plaintiff fails to allege that the laws defendants supposedly violated were clearly established. Plaintiff counters that argument is simply a rehash of their prior arguments and that to suggest constitutional protections against discrimination, equal protection and substantive due process are not clearly established is disingenuous. Defendants reply that they are entitled to qualified immunity because there is no clearly established Constitutional duty to prevent hazing and Lehman and Rushing's actions cannot amount to a violation. The Court concludes that this argument is better suited for the summary judgment stage. Thus, the Court denies the motion at this time as to the issue of summary judgment.

**Conclusion**

Accordingly, the Court **DENIES** defendants' motion to dismiss plaintiff's complaint (Doc. 12).

**IT IS SO ORDERED.**

Signed this 16th day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.16 18:50:16 -06'00'

**United States District Judge**